**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FRANCISCO ROMERO, | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 0041 |
| | ) | |
| v. | ) | Honorable Judge |
| | ) | Matthew Kennelly |
| COUNTY OF COOK, SGT. MICHAEL | ) | |
| MAHON, OFC. THOMAS SEIJA, | ) | |
| OFC. JOHN TEDESKO, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Defendants, the County of Cook, Michael Mahon, and John Tedesco, through their attorney Anita Alvarez, State's Attorney of Cook County, by her assistant, Nicholas Scouffas, for their answer to Plaintiff's First Amended Complaint, states as follows:

### Nature of the Action

1.      Romero brings this action under the Eighth and Fourteenth Amendments of the United States Constitution and Section 1983 of the Civil Rights Act, 42 U.S.C. § 1983, to remedy the Defendants' violations of Romero's constitutional rights.

ANSWER:      Defendants admit that Plaintiff's Complaint raises allegations under the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983, and deny all other remaining allegations contained in paragraph one.

### Jurisdiction and Venue

2.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 1343(a)(3), as this case involves questions of federal law, specifically 42 U.S.C. § 1983.

ANSWER:      Defendants admit that Plaintiff's Complaint raises allegations giving the court subject matter jurisdiction and deny all remaining allegations contained in paragraph two.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to this action took place in this District.

ANSWER:    Defendants admit that the acts alleged occurred in this judicial district providing venue and deny all remaining allegations in paragraph three.

## The Parties

4.    Romero is a prisoner currently in the custody of the Illinois Department of Corrections ("IDOC") at Pontiac Correctional Center at 700 West Lincoln Street, P.O. Box 99, Pontiac, IL 61764.

ANSWER:    Defendants admit to the allegations in paragraph four.

5.    At the time of the incident at issue, Romero was a detainee in the custody of the Cook County Department of Corrections at 2700 South California Avenue, Chicago, IL 60608.

ANSWER:    Defendants admit to the allegations in paragraph five.

6.    Defendant, the County of Cook, Illinois ("Cook County"), is a local public entity under the laws of the State of Illinois.

ANSWER:    Defendants admit the allegations contained in paragraph six.

7.    The Cook County Sheriff's Office ("Sheriff's Office") is an office of Defendant Cook County.

ANSWER:    Defendants deny the allegations contained in paragraph seven.

8.      The Cook County Department of Corrections ("CCDOC"), also known as the Cook County Jail ("CCJ"), is under the control of the Sheriff's Office.

ANSWER:      Defendants admit that Cook County Department of Corrections in under the control of the Sheriff's Office and deny all other the allegations contained in paragraph eight.

9.      Defendant Michael Mahon ("Mahon") was, at all relevant times mentioned in this complaint, acting under color of state law and within the scope of his employment as a Sergeant for the Sheriff's Office at Cook County Jail.

ANSWER:      Defendants admit that Michael Mahon is a Sergeant for the Sheriff's Office at Cook County Jail and deny all other allegations contained in paragraph nine.

10.      Defendants Thomas Seija ("Seija") and John Tedesco ("Tedesco") were, at all relevant times mentioned in this complaint, acting under the color of state law and within the scope of their employment as Cook County Sheriff's Correctional Officers at Cook County Jail.

ANSWER:      Defendants admit that John Tedesco is a Correctional Officer for the Sheriff's Office at Cook County Jail and deny all other allegations contained in paragraph ten.

### Factual Allegations

11.      At the time of the incident in question, Romero was in the custody of the Cook County Department of Corrections and was awaiting transfer to a permanent Illinois Department of Corrections facility after he had been sentenced to prison on March 24, 2006.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph eleven.

12.     On March 26, 2006, Romero was escorted from his cell and permitted to spend time in the facility "dayroom", supervised by officers.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twelve.

13.     During his time in the "dayroom", Romero caused the facility's sprinkler system to release water.

ANSWER:     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirteen.

14.     After Romero caused the sprinkler to release water, Defendant Mahon and other correctional officers, including Defendants Seija and Tedesco responded in order to further confine Romero.   Defendant Mahon told the officers including Defendants Seija and Tedesco, to "Go in and kick his [Romero's] ass."

ANSWER:     Defendants deny the allegations contained in paragraph fourteen.

15.     Defendant Tedesco and other correctional officers then ordered Romero to lay down.

ANSWER:     Defendants deny the allegations contained in paragraph fifteen.

16.     Romero told the Defendants that he was not resisting their orders.  He complied with their request and laid face-down on the floor, where he was handcuffed.

ANSWER:     Defendants deny the allegations contained in paragraph sixteen.

17.     Once Romero was on the ground, he was kicked in the midsection by correctional officers.

ANSWER:     Defendants deny the allegations contained in paragraph seventeen.

18.     Romero was then escorted to his cell for further confinement by Defendants Seija and Tedesco and other officers.

ANSWER:     Defendants deny the allegations contained in paragraph eighteen.

19.     Once in Romero's cell, Defendant Tedesco grabbed Romero by the back of the head and repeatedly banged his face against a wall.

ANSWER:     Defendants deny the allegations contained in paragraph nineteen.

20.     Again as Romero's handcuffs were being removed, Defendants Seija and Tedesco began to strike him, causing him injury.

ANSWER:     Defendants deny the allegations contained in paragraph twenty.

21.     Finally, Defendant Mahon stated "That's enough," bringing an end to the beating.

ANSWER:     Defendants deny the allegations contained in paragraph twenty-one.

22.     On information and belief, some portions of the beating may have been taped by the CCDOC.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-two.

23.      As a result of this unnecessary and excessive force, Romero suffered injury such that he required medical attention at Cermak Health Services of Cook County.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-three.

24.      The next day, Romero was transferred to Stateville Correctional Center ("Stateville").

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-four.

25.      Stateville documented that Romero had stitches upon his arrival at the facility and medical personnel later removed the stitches.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-five.

26.      After the incident, Romero attempted to file a grievance with the Illinois Department of Corrections ("IDOC"), since he was now in IDOC's custody.  He was told by one of the counselors at Stateville that they could not accept his grievance since his injuries occurred while he was in the custody of the CCDOC.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-six.

27.      On March 1, 2007, Romero mailed his grievance and request for relief to the CCDOC.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-seven.

28.      The CCDOC received Romero's grievance on March 26, 2007.

ANSWER:      Defendants admit the allegations in paragraph twenty-eight.

29.      The CCDOC responded to the grievance by stating that no investigation was warranted.  The response was mailed to Romero on April 4, 2007.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph twenty-nine.

30.      On April 12, 2007, Romero requested an appeal from CCDOC's decision not to investigate.  In this request for appeal, Romero asked "to have tapes preserved.  Tape of incident will show I did not refuse or resist to warrant the physical abuse.  I'm currently seeking legal representation.  Tapes will be very essential to my claim."

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty.

31. The CCDOC Appeal Board denied Romero's request for an appeal on May 8, 2007, thereby exhausting Romero's administrative remedies.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-one.

32. Romero received the Appeal Board's response on May 11, 2007.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-two

33. Romero filed suit against the Defendants in this Court on January 23, 2008.

ANSWER: Defendants admit to the allegations contained in paragraph thirty-three.

**COUNT I: SECTION 1983**
**(Failure to Intervene Against Defendant Mahon)**

34. Romero re-alleges and expressly incorporates the allegations contained in paragraphs 1-33.

ANSWER: Defendants reasserts its answers to paragraphs 1-33 as its answer to paragraph thirty-four.

35. As an inmate at the CCDOC, Romero has a constitutional right to be free from excessive force and cruel and unusual punishment by correctional officers under the Eighth and Fourteenth Amendments of the United States and 42 U.S.C. § 1983.

ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph thirty-five.

36.     Acting under color of state law, Defendant Mahon ordered the excessive physical abuse that was carried out by the other individual defendants, as described above, in violation of his Eighth Amendment right to be free from cruel and unusual punishment and 42 U.S.C. § 1983.

ANSWER:     Defendants deny the allegations contained in paragraph thirty-six.

37.     Acting under color of state law, Defendant Mahon's failed to intervene to protect Romero and prevent the excessive physical abuse suffered by Romero in violation of his Eighth Amendment right to be free from cruel and unusual punishment and 42 U.S.C.§ 1983.

ANSWER:     Defendants deny the allegations contained in paragraph thirty-seven.

38.     As a result of Defendant Mahon's failure to intervene, Romero suffered pain and injury, as well as emotional distress.

ANSWER:     Defendants deny the allegations contained in paragraph thirty-eight.

39.     The misconduct described in his court was undertaken by Defendant Mahon within the scope of his employment and under color of law.

ANSWER:     Defendants deny the allegations in paragraph thirty-nine.

## COUNT 2: SECTION 1983
### (Excessive Force Against Defendant Tedesco)

40.     Romero re-alleges and expressly incorporates the allegations contained in paragraphs 1-33.

ANSWER:     Defendants reasserts its answers to paragraphs 1-33 as its answer to paragraph forty.

41.      As an inmate at the CCDOC, Romero has a constitutional right to be free from excessive force and cruel and unusual punishment by correctional officers under the Eighth and Fourteenth Amendments of the United States and 42 U.S.C. § 1983.

ANSWER:      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph forty-one.

42.      Acting under of color of state law, Defendant Tedesco kicked Romero in the midsection while he was handcuffed on the ground, pushed and dragged Romero up a flight of stairs, repeatedly bashed Romero's face against a wall, and struck and punched the plaintiff afterwards, causing Romero injuries.

ANSWER:      Defendants deny the allegations in paragraph forty-two.

43.      Such violence was unnecessary, excessive, and constitutes cruel and unusual punishment and therefore a violation of Romero's rights under the Eighth Amendment and 42 U.S.C. § 1983.

ANSWER:      Defendants deny the allegations in paragraph forty-three.

44.      As a result of the unjustified and excessive use of force by Defendant Tedesco, Romero suffered pain and injury, as well as emotional distress.

ANSWER:      Defendants deny the allegations contained in paragraph forty-four.

45.      The misconduct described in this count was undertaken by Defendant Tedesco within the scope of his employment and under color of law.

ANSWER:     Defendants deny the allegations in paragraph forty-five.

### COUNT 3: SECTION 1983
### (Excessive Force Against Defendant Seija)

46.     Romero re-alleges and expressly incorporates the allegations contained in

paragraphs 1-33.

ANSWER:     Defendants reasserts its answers to paragraphs 1-33 as its answer to

paragraph forty-six.


47.     As a detainee at the CCDOC, Romero has a constitutional right to be free from

excessive force and cruel and unusual punishment by correctional officers under the Eighth and

Fourteenth Amendments of the United States and 42 U.S.C. § 1983.

ANSWER:     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph forty- seven.


48.     Acting under of color of state law, Defendant Seija kicked Romero in the

midsection while he was handcuffed on the ground, pushed and dragged Romero up a flight of

stairs, and struck and punched the plaintiff afterwards, causing Romero injuries.

ANSWER:     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph forty-eight.


49.     Such violence was unnecessary, excessive, and constitutes cruel and unusual

punishment and therefore a violation of Romero's rights under the Eighth Amendment and 42

U.S.C. § 1983.

ANSWER:      Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph forty-eight.


50.      As a result of the unjustified and excessive use of force by Defendant Seija,

Romero suffered pain and injury, as well as emotional distress.

ANSWER:      Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph fifty.


51.      The misconduct described in this count was undertaken by Defendant Seija within

the scope of his employment and under color of law.

ANSWER:      Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph fifty-one.


WHEREFORE, based upon the foregoing, Defendants Cook County, Michael Mahon,

and John Tedesco respectfully request that this Honorable Court grant judgment in its favor and

against the plaintiff on all aspects of his First Amended Complaint and further requests that this

Honorable Court grant it fees, costs, and such other relief that this Court deems just and

appropriate.

## JURY DEMAND

Defendants Cook County, Michael Mahon, and John Tedesco respectfully demand trial

by jury.

Respectfully submitted,

ANITA ALVAREZ
State's Attorney of Cook County

By:    _____

Nicholas Scouffas
Assistant State's Attorney
500 Richard J. Daley Center
Chicago, Illinois 60602